FILED
CLERK, U.S. DISTRICT COURT
MAY 16 2014
CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUIS BILBUA,

        Petitioner,

vs.

JUDGE HENRY HALL,

        Respondent.

Case No. CV 14-1038-DDP (JPR)

MEMORANDUM AND ORDER SUMMARILY DISMISSING ACTION WITHOUT PREJUDICE

    This habeas corpus action improperly challenges the conditions of Petitioner's confinement rather than the validity or duration of that confinement. Accordingly, the Court dismisses the Petition summarily, without prejudice to Petitioner's pursuit of relief through a civil-rights action under 42 U.S.C. § 1983.

    Petitioner is a state inmate housed at Los Angeles County Jail. (Pet. at 2.) He complains in conclusory fashion about "no yard time - no medical help - no dental help - hot meal - food is terrible - I'm in a county jail serving 3 years when I should be in prison but I'm a non-violent offender senior citizen." (Pet. at 3.) The only other allegation in the Petition is that "[t]he conditions for one my age are wrong, if he intended to give me high term it should have been in prison." (Id.)

The principal purpose of habeas corpus is to provide a remedy for prisoners challenging the fact or duration of their confinement and who are thus seeking either immediate or a sooner-than-scheduled release. See Preiser v. Rodriguez, 411 U.S. 475, 484, 487, 93 S. Ct. 1827, 1833, 1835, 36 L. Ed. 2d 439 (1973) (holding that habeas petition, not civil-rights action, proper vehicle for seeking restoration of good-time credits). The Supreme Court has left open the possibility that habeas petitions "may . . . also be available to challenge . . . prison conditions," which ordinarily must be challenged by way of a civil-rights action. Id. at 499-500; accord Bell v. Wolfish, 441 U.S. 520, 526 n.6, 99 S. Ct. 1861, 1867 n.6, 60 L. Ed. 2d 447 (1979) (noting possibility of habeas as means to address prison conditions but declining to decide issue). Nor has the Ninth Circuit foreclosed the use of habeas actions to challenge prison living conditions. See Docken v. Chase, 393 F.3d 1024, 1030 & n.6 (9th Cir. 2004) (collecting cases illustrating how Ninth and several other "Circuits have all struggled . . . with the distinction between the two remedies" but noting that "[n]one ha[s] suggested that the avenues for relief must always be mutually exclusive").

Allowing a habeas corpus action to challenge prison conditions appears to be the rare exception, however. The Ninth Circuit has made clear that the preferred, "proper" practice is to limit habeas cases to claims that would lead to the petitioner's release sooner than otherwise would occur and to confine other prisoner claims to civil-rights suits. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) ("A civil rights

2

action, in contrast [to a habeas petition], is the proper method of challenging 'conditions of . . . confinement.'" (alteration in original)); accord Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition because petition's challenges to conditions of confinement had to be brought in civil-rights action).

    Here, if Petitioner's claims were to succeed, he would not be entitled to an accelerated release from confinement. Instead, he would be entitled to different or "better" housing. The Court sees no justification for deviating from the "proper" course, namely, requiring conditions-of-confinement claims like Petitioner's to be brought in a civil-rights action. Although a district court does have discretion to construe a habeas petition raising civil-rights claims as a civil-rights action, see Wilwording v. Swenson, 404 U.S. 249, 251, 92 S. Ct. 407, 409, 30 L. Ed. 2d 418 (1971) (per curiam), superseded by statute on other grounds as stated in Woodford v. Ngo, 548 U.S. 81, 84, 126 S. Ct. 2378, 2382, 165 L. Ed. 2d 368 (2006), the Court chooses not to do so here, given that Petitioner's claims are entirely conclusory, he has not paid the $350 filing fee (or requested in forma pauperis status) to initiate a civil-rights action, and Defendant Judge Hall likely has absolute immunity, see Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) ("Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts.").

1  For the foregoing reasons, the Court DISMISSES this action
2  WITHOUT PREJUDICE.
3  IT IS SO ORDERED.
4
5
6  DATED: MAY 15 2014
          _____
                                    DEAN D. PREGERSON
7                                   U.S. DISTRICT JUDGE
8
9  Presented by:
10 _____
11 Jean P. Rosenbluth
   U.S. Magistrate Judge
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28